IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| WILLIAM ANTHONY TACCINO | * | |
| | * | |
| v. | * | Civil Case No. JFM-16-2775 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY | * | |
| | * | |

************

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014-01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). Plaintiff William Anthony Taccino filed this action *pro se*. [ECF No. 1]. Defendant Nancy Berryhill, Acting Commissioner, Social Security Administration ("the Commissioner"), has filed a Motion to Dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1), on the grounds that Plaintiff failed to timely appeal the final judgment of the Commissioner. [ECF No. 11]. Plaintiff has filed an opposition to the Commissioner's Motion to Dismiss, a Motion to Strike the Commissioner's Motion to Dismiss, a Motion for Emergency Injunction, and two Motions for Default Judgment. [ECF Nos. 13, 16]. The Commissioner did not file responses to Plaintiff's motions. No hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons set forth below, I recommend that the Court GRANT the Commissioner's Motion to Dismiss and DENY Plaintiff's Motions, but I further recommend that the Court ORDER the clerk's office to docket Plaintiff's 2016 Complaint and related documents, [ECF Nos. 1, 11, 13, 14, 15, 16], in Civil No. GLR-14-2112

so that United States District Judge George L. Russell III can determine whether Plaintiff is entitled to further relief.

I.     BACKGROUND

On April 30, 2012, Plaintiff filed a claim for Disability Insurance Benefits ("DIB"), alleging a disability onset date of December 1, 2010. [ECF No. 11, Ex. 2]. Plaintiff's claims were denied initially and on reconsideration. *Id*. A hearing was held on March 5, 2014, before an Administrative Law Judge ("ALJ"). *Id*. Following the hearing, on March 18, 2014, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame. *Id*. On June 19, 2014, the Appeals Council (the "AC") denied Plaintiff's request for review, and notified Plaintiff of his right to seek judicial review by commencing a civil action within 60 days from the date of his receipt of the AC's notice. [ECF No. 11].

On July 1, 2014, Plaintiff, proceeding as a "volunteer for the organization Organizing for Action," filed a *pro se* complaint alleging a multitude of claims against the United States, the State of Maryland, the State of West Virginia, and various federal departments and agencies, including the Social Security Administration. *Organizing for Action William A. Taccino v. United States of America et al.*, Civ. No. GLR-14-CV-02112, (D. Md. July 1, 2014) (unpublished). Notably, within the nineteen page complaint, Plaintiff alleged that he "ha[d] been denied and deprived of…his entitled Social Security disability benefits[.]" *Id.* at [ECF No. 1, p. 2]; *see id.* at p. 6 (contending that the Commissioner, "for the past 2 years has wrongfully and/or illegally denied Plaintiff of his entitled Social Security disability benefits." ). However, because Plaintiff also alleged a multitude of claims against fourteen defendants, on July 16, 2014, Judge Russell dismissed Plaintiff's complaint as frivolous. *Id.* at [ECF Nos. 3, 4].

More than two years later, on August 5, 2016, Plaintiff filed this complaint against the Commissioner. [ECF No. 1]. Specifically, Plaintiff alleged that his social security claim was erroneously dismissed because his 2014 complaint had constituted a timely appeal of the Commissioner's final order. *Id.* On November 14, 2016, the Commissioner moved to dismiss Plaintiff's 2016 complaint as untimely. [ECF No. 11].

## II.   DISCUSSION

The Commissioner moves to dismiss Plaintiff's 2016 complaint because the Court does not have subject matter jurisdiction over Plaintiff's claims. [ECF No. 11]. Plaintiff opposes the Commissioner's Motion to Dismiss, and asks this Court to strike the Commissioner's Motion to Dismiss, grant an emergency injunction, and grant default judgment in Plaintiff's favor. [ECF Nos. 13, 15, 16]. To support his motions, Plaintiff argues that he timely filed for judicial review of the Commissioner's decision in 2014, but that the Court erroneously dismissed his complaint. *Id.* The Commissioner contends, however, that dismissal of the 2016 case is proper because Plaintiff's claims are untimely. [ECF No. 11].

As an initial matter, motions to dismiss for lack of subject matter jurisdiction are governed by Federal Rule 12(b)(1). Fed. R. Civ. P. 12(b)(1). While the plaintiff bears the burden of proving that the court has jurisdiction over the claim or controversy at issue, a Rule 12(b)(1) motion should only be granted if the "material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 777 (D. Md. 2010); *see also Evans v. B.F. Perkins Co., a Div. of Standex Int'l Corp.*, 166 F.3d 642, 647 (4th Cir. 1999). In a motion to dismiss for lack of subject matter jurisdiction, the pleadings should be regarded as "mere evidence on the issue," and courts may "consider evidence outside the pleadings without converting the proceeding to one for summary

3

judgment." *Evans*, 166 F.3d at 647. The pleadings of *pro se* litigants, such as Plaintiff, are liberally construed. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Here, the Commissioner asserts that Plaintiff's complaint must be dismissed because it is untimely. [ECF No. 11, p. 2]. On June 19, 2014, the AC mailed Plaintiff notice of its decision denying his request for review of an adverse decision issued by an ALJ, regarding his claim for DIB. *Id.* at p. 1. That notice also advised Plaintiff of his statutory right to commence a civil action within sixty days from receipt of the notice. *Id.*; 42 U.S.C. §§ 405(g) and (h). The Commissioner's implementing regulations have interpreted the statute to permit sixty-five days from the date of the notice, to allow sufficient time for mailing the notice. 20 C.F.R. §§ 404.901, 422.210(c). Plaintiff therefore had to file his civil action on or before August 23, 2014. The Commissioner is correct, then, that Plaintiff filed this complaint two years late, on August 5, 2016. [ECF No. 11] (citing [ECF No. 1]). Accordingly, this Court lacks jurisdiction in this 2016 case to adjudicate Plaintiff's motions.

However, Plaintiff may be correct that he timely appealed the Commissioner's decision. [ECF No. 13]. On July 1, 2014, less than one month after the AC denied review of the ALJ's decision, Plaintiff filed a complaint alleging, in part, that his Social Security disability benefits were wrongly denied. *Organizing for Action William A. Taccino*, Civ. No. GLR-14-CV-02112, at [ECF No. 1, p. 2, 6]. Although Plaintiff's Social Security claim was buried among many frivolous claims against non-party defendants, Plaintiff's 2014 complaint may have constituted a timely appeal of the Commissioner's final judgment. Thus, the most appropriate course of action is to file Plaintiff's current complaint, and related documents, in Civil Case No. GLR-14-CV-2112 to allow Judge Russell to consider whether Plaintiff's 2014 filing constituted a timely appeal and, if so, whether Plaintiff is now entitled to any type of relief.

### III.     CONCLUSION

For the reasons set forth above, I respectfully recommend that:

1. the Court GRANT the Commissioner's Motion to Dismiss [ECF No. 11];

2. the Court DENY Plaintiff's Motions [ECF Nos. 13, 16];

3. the Court ORDER the Clerk to docket [ECF Nos. 1, 11, 13, 14, 15, 16] in Civil Case No. GLR-14-CV-2112; and

4. the Court ORDER the Clerk to close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

### IV. NOTICE TO PARTIES

Failure to file written objections to the proposed findings, conclusions, and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated:  February 27, 2017                              /s/
                                                      Stephanie A. Gallagher
                                                      United States Magistrate Judge